**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DAVID C. SUSSMAN,**

    **Plaintiff,**

**vs.**                                              **Case No. 4:14cv619-RH/CAS**

**C. METCALF,
and ASST. WARDEN CUMBIE,**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Although discovery has concluded and Defendants have filed a motion for summary judgment, ECF No. 95, the pro se Plaintiff filed a motion for change of venue and to stay this proceeding until a ruling is entered on his request to change venue.  ECF No. 98.  Plaintiff's motion to stay was granted in part because Plaintiff's response in opposition to the pending motion for summary judgment was due on December 30, 2016. ECF No. 99.  Defendants were directed to respond to Plaintiff's motion for change of venue and have now filed a response advising that they do not oppose Plaintiff's motion.  ECF No. 101.

This case was initiated in this Court on November 19, 2014, upon Defendants' filing of a notice of removal. At that time, Plaintiff's first amended complaint named Secretary Michael Crews as a Defendant. Subsequently, Plaintiff's fifth amended complaint, ECF No. 47, was filed in July 2015 and named only two Defendants, both of whom were employed at Zephyrhills Correctional Institution. Zephyrhills C.I. is in Zephyrhills, Florida, which is within jurisdiction of the Middle District of Florida, Tampa Division. "Defendants reside in Central Florida." ECF No. 101 at 1.

The relevant statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Because the parties consent, Plaintiff's motion for change of venue should be granted and this case transferred to the Middle District of Florida.

As this issue will soon be resolved, it is appropriate to also lift the stay. Plaintiff is provided a new deadline in which to file his response to Defendants' summary judgment motion, ECF No. 95. Based upon the anticipated time in which the presiding District Judge needs to rule upon an unopposed Report and Recommendation, Plaintiff should prepare his

opposition to the pending motion for summary judgment to be filed in the Middle District on or before **January 25, 2017**.

Accordingly, it is **ORDERED** that the Order entered on December 1, 2016, to stay discovery in this case, ECF No. 99, is **VACATED** and Plaintiff shall have until **January 25, 2017**, in which to file his response in opposition to the pending summary judgment motion, ECF No. 95.

# RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's unopposed motion for change of venue, ECF No. 98, be **GRANTED** pursuant to 28 U.S.C. § 1404(a) and this case be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Tampa Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 13, 2016.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.